IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2020-CA-003955

JAMESON VISSMAN,

    Plaintiff,

v.

FADALE DUES and
HICKMAN TRANSPORT CO., INC.,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, JAMESON VISSMAN, sues Defendants, FADALE DUES and HICKMAN TRANSPORT CO., INC., and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material to this action, Plaintiff, JAMESON VISSMAN, was a natural person residing in Jacksonville, Duval County, Florida.

3. At all times material to this action, Defendant, FADALE DUES, was a natural person residing in Kingsland, Camden County, Georgia.

4. At all times material to this action, Defendant, **HICKMAN TRANSPORT CO., INC.**, was a Georgia Profit Company authorized to do business and doing business in the state of Georgia.

5. On or about July 15, 2019, Plaintiff, **JAMESON VISSMAN,** was traveling westbound on Interstate 10 in Duval County, Florida.

6. At that time and place, Defendant, **FADALE DUES,** was operating tractor trailer owned by Defendant, **HICKMAN TRANSPORT CO., INC.,** travelling eastbound on Interstate 10.

7. At that time and placed, Defendant, **FADALE DUES,** failed to see traffic slowing ahead and did not stop or slow down, causing him to brake hard and veer to the left into westbound traffic on Interstate 10. As a direct result, Defendant, **FADALE DUES'**, tractor trailer struck the concrete barrier and caused debris to fly and strike the vehicle of Plaintiff, **JAMESON VISSMAN.**

## COUNT I
## PLAINTIFF, JAMESON VISSMAN'S, CLAIM OF NEGLIGENCE AGAINST FADALE DUES

Plaintiff, **JAMESON VISSMAN,** realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 7 above, and further states:

8. At that time and place, Defendant, **FADALE DUES,** negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

9. As a direct and proximate result of Defendant, **FADALE DUES'**, negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an

existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

## COUNT II
### PLAINTIFF, JAMESON VISSMAN'S, CLAIM OF NEGLIGENCE AGAINST HICKMAN TRANSPORT CO., INC.

Plaintiff, **JAMESON VISSMAN**, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 9 above and further alleges:

10. At all times relevant hereto, Defendant, **HICKMAN TRANSPORT CO., INC.**, was/and remains a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Lowndes County, Georgia thereby making it a citizen of Georgia.

11. At all times relevant hereto, Defendant, **FADALE DUES**, was a citizen of Camden County, Georgia.

12. At all relevant times, Defendant, **FADALE DUES** was the employee, agent, servant, and/or statutory employee for **HICKMAN TRANSPORT CO., INC.**, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with **HICKMAN TRANSPORT CO., INC.** Accordingly, **HICKMAN TRANSPORT CO., INC.**, is vicariously liable for the acts **FADALE DUES**. Regardless of the employment or agency relationship, **HICKMAN TRANSPORT CO., INC.**, is an interstate motor carrier responsible for the acts of **FADALE DUES**.

WHEREFORE, Plaintiff, **JAMESON VISSMAN**, demands judgment for damages against Defendants, **FADALE DUES and HICKMAN TRANSPORT CO., INC.**, and

other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

      RESPECTFULLY submitted this ___26th___ day of August, 2020.

                              MORGAN & MORGAN, P.A.

                              _____
                              Donny A. Owens, Esquire
                              FBN 0347700
                              Morgan & Morgan Jacksonville, PLLC
                              76 South Laura Street, Suite 1100
                              Jacksonville, FL 32202
                              Telephone:  (904) 398-2722
                              Facsimile:  (904) 366-7677
                              Dowens@forthepeople.com
                              Mdeacon@forthepeople.com
                              Klee@forthepeople.com
                              Attorneys for Plaintiff